```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUSTIN HALL,
                         Plaintiff,                                    Case No. 14-CV-07463
        -vs-

THE CITY OF NEW YORK, POLICE OFFICER RYAN                              SECOND AMENDED
O'CONNOR (Shield No. 362), POLICE OFFICER RONNIE                       VERIFIED COMPLAINT
RIVERA (Tax ID No. 955385), POLICE OFFICER WIFREDO                     WITH JURY DEMAND
RAMOS, POLICE OFFICER MICHELLE HANSON,
SERGEANT LARRY MEYERS, LIEUTENANT ERIC
WOROHY, POLICE OFFICER JOSEPH CALABRESE (Tax ID
No. 954588), and POLICE OFFICER JEFFREY SANTANA
(Tax ID No. 944980),

                         Defendants.
-------------------------------------------------------------------X
```

Plaintiff, JUSTIN HALL, by his attorneys, GOLDBERG & LASSON, complaining of the Defendants, respectfully alleges the following, upon information and belief:

### PRELIMINARY STATEMENT

1. This is an action for money damages brought under 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This action is brought against THE CITY OF NEW YORK, POLICE OFFICER RYAN O'CONNOR (Shield No. 362), POLICE OFFICER RONNIE RIVERA (Tax ID No. 955385), POLICE OFFICER WIFREDO RAMOS, POLICE OFFICER MICHELLE HANSON, SERGEANT LARRY MEYERS, LIEUTENANT ERIC WOROHY, POLICE OFFICER JOSEPH CALABRESE (Tax ID No. 954588), and POLICE OFFICER JEFFREY SANTANA (Tax ID No. 944980). Jurisdiction in this action is based upon 28 U.S.C. §§ 1331 and 1343.

2. The amount in controversy exceeds $150,000.00, excluding costs and interest.

3. Venue is properly laid within the United States District Court for the Eastern District

of New York, pursuant to 28 U.S.C. §1391(b), in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within, the boundary of the Eastern District of New York.

4.   It is alleged that herein that the individual police officer Defendants, all employed by the New York City Police Department, acting under color of state law, intentionally and willfully subjected Plaintiff, Justin Hall, to, *inter alia,* false arrest, illegal imprisonment, excessive force and deliberate indifference upon making an unreasonable seizure of the person of the Plaintiff and, thereafter, refusing to provide necessary medical treatment to Plaintiff. These actions violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the New York City Police Department.

5.   Plaintiff seeks monetary damages (special, compensatory and punitive) against the Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as this Court may deem just and proper.

## THE PARTIES

6.   Plaintiff, Justin Hall (hereinafter, "Plaintiff"), was and is a resident of the State of New York, County of Kings, and a citizen of the United States.

7.   At all times set forth herein, Defendant, City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   At all times set forth herein, the New York City Police Department was and is a department or agency of Defendant, City of New York, and the public employer of the individual Defendants named herein.

9. At all times set forth herein, the individually named Defendants were duly appointed and acting officers and administrators of the New York City Police Department, acting under color of law, namely the laws, statutes, ordinances, regulations, policies, customs, and usages of the City and State of New York.

10. At all times set forth herein, Defendants, Police Officer Ryan O'Connor (Shield No. 362), Police Officer Ronnie Rivera (Tax ID No. 955385), Police Officer Wifredo Ramos, Police Officer Michelle Hanson, Sergeant Larry Meyers, Lieutenant Eric Worohy, Police Officer Joseph Calabrese (Tax ID No. 954588), and Police Officer Jeffrey Santana (Tax ID No. 944980), were and are duly appointed, sworn, and acting police officers of the New York City Police Department. They are each sued in their individual and official capacities either as a result of their actions at the scene of the incident giving rise to the claims herein, including those relating to Plaintiff's seizure, arrest, transportation, incarceration and custody, or with respect to their capacity as policymakers with respect to the training, supervision and discipline of officers under their command.

11. Each and every act performed by Defendants, as alleged herein, was performed by them while they were acting within the scope of their employment by Defendant, City of New York, and the New York City Police Department.

## FACTS

12. On July 4th, 2014, at approximately 8:30 p.m., Plaintiff was lawfully standing near the apartment building in which he lived, located at 1042 Union Street, Brooklyn, New York.

13. At said time and place, an acquaintance of Plaintiff was in possession of a single "Roman Candle" style firecracker. Plaintiff's acquaintance had taken possession of the aforesaid firecracker only moments earlier, when he had taken it away from a group of young children who

were playing in the area with the same.

14. Plaintiff was not personally in possession of any fireworks at that time, nor did he knowingly take any action to aid or abet his acquaintance in obtaining, possessing, or otherwise using the same.

15. Plaintiff witnessed two (2) New York City police officers walking toward both him and his acquaintance, one of whom was, upon information and belief, Defendant, Ryan O'Connor (Shield No. 362). Because Plaintiff wanted to avoid becoming involved or implicated in any way in his companion's possession of said firecracker, he began to casually walk toward his apartment building.

16. As Plaintiff did so, and while he was facing away from said officers, they ran up to him, and, without warning, viciously slammed him into the ground and caused him to come into contact with a parked motor vehicle. Upon information and belief, the officers who applied the aforementioned force to Plaintiff included Defendants, Ryan O'Connor, Ronnie Rivera, and Wifredo Ramos. Plaintiff screamed out in pain and tried to reach for his left leg, but his arms were pulled behind his back and restrained by the police. Plaintiff immediately complained to the aforesaid officers that they had injured his leg. In response, one of the said police officers told him, "Shut the fuck up! You shouldn't have moved."

17. The police officers who were present at the scene of Plaintiff's seizure and arrest, and who ignored Plaintiff's complaints of pain in his leg and his requests for medical treatment, included, upon information and belief, Defendants, Ryan O'Connor, Ronnie Rivera, Wifredo Ramos, Michelle Hanson, Larry Meyers, Eric Worohy, and Joseph Calabrese.

18. Plaintiff was placed in handcuffs and transported by the police to the 71st Precinct

in Brooklyn. During his transport, and while actually detained at the Precinct, Plaintiff told multiple police officers that he had been seriously injured and complained to them of excruciating pain in his left leg. He also begged many of these officers on numerous occasions to get him medical treatment. Plaintiff's complaints were ignored by the police officers, who instead refused to intervene or to get him medical attention of any kind, despite the fact that Plaintiff's left leg was noticeably disfigured, bruised, inflamed, and swollen.

19. Several hours later, Plaintiff was transported from the 71st Precinct to Central Booking, located in the basement of the Kings County Criminal Court building. There he again renewed both his complaints of left leg pain and requests for medical treatment. He was ignored by those police officers as well.

20. Plaintiff was then brought upstairs to a holding cell to await arraignment. No New York City police officers heeded his renewed complaints or his requests for medical attention, including, upon information and belief, Defendant, Jeffrey Santana.

21. Plaintiff was charged with Reckless Endangerment in the Second Degree (P.L. §120.20), Endangering the Welfare of a Child (P.L. § 260.10) and Unlawfully Dealing With Fireworks and Dangerous Explosives (P.L. § 270.00).

22. Plaintiff was arraigned in the Kings County Criminal Court on July 5, 2014, where he was offered and he accepted an Adjournment in Contemplation of Dismissal, pursuant to C.P.L. § 170.55, in full satisfaction of the aforementioned criminal charges. The case was ordered sealed by the Court.

23. At the time of his arraignment, the disfigurement, bruising, inflammation, and swelling in Plaintiff's left leg had become so visibly apparent that when his case was called, the Court officer

noticed the condition of his leg and asked aloud why there were no medical records in the Court's file. Despite Plaintiff's obvious need for immediate medical treatment since the time of his arrest, he received none whatsoever while he was in police custody. His pleas for medical treatment simply fell on deaf ears.

24. Immediately following his release from Defendants' custody, Plaintiff presented to the Emergency Department of Kingsbrook Jewish Medical Center, complaining of pain in his left leg and ankle. He was diagnosed at Kingsbrook as having sustained, *inter alia*, fractures of the left tibia and fibula, fractures of the medial and posterior malleolus of the left ankle, tibiotalar joint effusion, widening of the left ankle mortise, swelling, bruising and inflammation of the surrounding soft tissues.

25. At no time during the events described above was Plaintiff intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He neither resisted arrest, nor refused to obey the commands or directives of any police officer or other governmental authority.

26. At all times during the events described above, the Defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described above and lent their physical presence, support and the authority of their office to each other during the said events.

27. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person and an unlawful arrest, to be free from

       application of excessive force, and to be provided with adequate medical care for his serious medical needs;

    b.    Serious personal injuries, including, but not limited to, fractures of the left tibia and fibula, fractures of the medial and posterior malleolus of the left ankle, tibiotalar joint effusion, widening of the left ankle mortise, swelling, bruising, inflammation of the surrounding soft tissues, and conscious physical and emotional pain and suffering.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
### FALSE ARREST AND ILLEGAL IMPRISONMENT

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth herein at length.

29. As a result of the aforesaid conduct of Defendants, Plaintiff, Justin Hall, was subjected to an illegal, improper, and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, and contained, without any probable cause, arguable probable cause, privilege, or consent.

30. As a result of the foregoing, the liberty of Plaintiff, Justin Hall, was restricted for an extended period of time without probable cause, he was put in fear of his safety, he was humiliated, and he was subjected to handcuffing, other physical restraints, and incarceration.

### AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
### EXCESSIVE FORCE

31. Paragraphs 1 through 30 are incorporated by reference as though fully set forth herein at length.

32. The level of force employed by Defendants in effectuating the seizure and arrest of Plaintiff was objectively unreasonable, excessive, and in violation of Plaintiff's constitutional rights.

33. As a result of the aforementioned actions of Defendants, Plaintiff was subjected to excessive force and, as a direct result, sustained multiple serious physical injuries, including, but not limited to, closed fractures of the left tibia and fibula, fractures of the medial and posterior malleolus of the left ankle, tibiotalar joint effusion, widening of the left ankle mortise, swelling, bruising, inflammation of the surrounding soft tissues, and conscious physical and emotional pain and suffering.

### AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
### FAILURE TO INTERVENE

34. Paragraphs 1 through 33 are incorporated by reference as though fully set forth herein at length.

35. Each and every individual Defendant had an affirmative duty to intervene on behalf of Plaintiff to prevent the violation of his constitutional rights.

36. The individual Defendants failed to intervene on behalf of Plaintiff to prevent the violation of his constitutional rights, despite the ability to do so and a realistic and reasonable opportunity to so intervene.

37. As a result of the aforementioned conduct of the individual Defendants, Plaintiff's constitutional rights were violated and he was subjected to excessive force and deliberate indifference, and, as a direct result, sustained multiple serious physical injuries and experienced conscious physical and emotional pain and suffering.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
## <u>DELIBERATE INDIFFERENCE</u>

38. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein at length.

39. From the time of his seizure and arrest on July 4, 2014 through the time of his release on July 6, 2014, Plaintiff continuously suffered from a serious medical injury which required immediate medical attention and treatment.

40. Defendants were aware and had knowledge of both the existence of Plaintiff's serious medical injury and his need for immediate medical attention and treatment. Defendants' knowledge of the same may be objectively inferred from Plaintiff's numerous complaints of excruciating pain and requests for medical treatment, as well as the visibly apparent disfigurement, bruising, inflammation and swelling of Plaintiff's left leg while in Defendants' custody.

41. Defendants' failure to provide Plaintiff with any medical treatment whatsoever while he was in their custody evinces their deliberate indifference to his serious medical injuries and need for immediate medical attention and treatment.

42. As a result of Defendants' aforementioned conduct, Plaintiff's constitutional rights were violated, he was deprived of the right to adequate medical care and treatment, and was unnecessarily and wantonly subjected to excruciating physical and emotional pain and suffering.

## AS AND FOR A FIFTH CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
## <u>MUNICIPAL LIABILITY</u>

43. Paragraphs 1 through 42 are incorporated by reference as though fully set forth herein at length.

44. Prior to and including July 6, 2014, the New York City Police Department of Defendant, City of New York, developed and maintained certain customs, policies, usages, practices, procedures and rules that exhibited deliberate indifference to the constitutional rights of citizens, their safety and well-being.

45. The foregoing customs, policies, usages, practices, procedures and rules of the New York City Police Department of Defendant, City of New York, resulted in the inadequate supervision, training, discipline, sanction and direction of its police officers, including the individual Defendant police officers named in this case, to refrain from using unnecessary and excessive force during an arrest, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The New York City Police Department and the New York City Department of Corrections did not require appropriate in-service training of officers on the subject of police misconduct, the use of excessive force, and the need to promptly obtain necessary medical attention and treatment for arrestees, nor did it take measures to prevent such constitutional abuses as described herein.

46. As a direct result of the foregoing, police officers of the New York City Police Department and the New York City Department of Corrections, including the individual Defendant police officers named in this case, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would neither be investigated or sanctioned, but would, instead, be tolerated.

47. As a direct result of the foregoing, Plaintiff was unlawfully subjected to excessive force and deliberate indifference to serious medical needs.

48. Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in the violation of Plaintiff's constitutional rights.

49. The foregoing customs, policies, usages, practices, procedures and rules demonstrated a deliberate indifference on the part of policymakers of the New York City Police Department and the New York City Department of Corrections, including the individual Defendants named herein, and have served to encourage the unlawful conduct of the individual Defendant police officers described above, and were a cause of the violations of the Plaintiff's rights as alleged herein.

### AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

50. Paragraphs 1 through 49 are incorporated by reference as though fully set forth herein at length.

51. All of the aforementioned acts of Defendants, their agents, servants, and employees, were carried out under the color of state law. These acts were carried out by the individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said Department.

52. All of the aforementioned acts deprived Plaintiff, Justin Hall, of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and were in violation of 42 U.S.C. § 1983.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City of New York and which are forbidden by the Constitution of the United States and are in violation of 42

U.S.C. § 1983.

WHEREFORE, Plaintiff, Justin Hall, demands judgment against the Defendants, jointly and severally, in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, an additional award of reasonable attorney's fees, costs, disbursements, and other litigation expenses, and for all such other and further relief as to this Court seems just and necessary.

**JURY DEMAND**

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff hereby demands a jury trial.

Dated: Brooklyn, New York
March 10, 2016

Paul W. Holley, Esq.
GOLDBERG & LASSON
*Attorneys for Plaintiff, Justin Hall*
26 Court Street, Suite 2100
Brooklyn, New York 11242
Telephone: (718) 858-4915
Facsimile: (718) 858-3190
E-mail: paulwholley@gmail.com

Case No. 14-CV-07463

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN HALL,

            Plaintiff,

-vs-

THE CITY OF NEW YORK, POLICE OFFICER RYAN O'CONNOR (Shield No. 362), POLICE OFFICER RONNIE RIVERA (Tax ID No. 955385), POLICE OFFICER WIFREDO RAMOS, POLICE OFFICER MICHELLE HANSON, SERGEANT LARRY MEYERS, LIEUTENANT ERIC WOROHY, POLICE OFFICER JOSEPH CALABRESE (Tax ID No. 954588), and POLICE OFFICER JEFFREY SANTANA (Tax ID No. 944980),

            Defendants.

## Second Amended Verified Complaint With Jury Demand

**GOLDBERG & LASSON**
*Attorneys for Plaintiff, Justin Hall*
26 COURT STREET, Suite 2100
Brooklyn, New York 11242
Telephone: (718) 858-4915
Facsimile: (718) 858-3190

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: 3/10/2016

Signature: *Paul W. Holley*
Print Name: Paul W. Holley

Sir: Please take notice

**Notice of Entry**
That the within is a (certified) true copy of a      duly entered in the office of the clerk of the within named court on
, 2015

**Notice of Settlement**
that an order of which the within is a true copy will be presented for settlement to the HON.      one of the judges of the within named court, at      New York on      at 9:30 A.M.